UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID FALLIS, et al.,                                          Plaintiffs,

v.                                          Civil Action No. 3:15-cv-132-DJH

TIMOTHY JORDAN, et al.,                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case is before the Court on pending motions for preliminary injunction (Docket No. 5) and dismissal (D.N. 11).  Because the Court concludes that the plaintiffs have failed to join a necessary party and that joinder of that absent party would deprive the Court of subject matter jurisdiction, the motion to dismiss will be granted.  The requested injunctive relief will therefore be denied as moot.

## I.        FACTUAL BACKGROUND

The factual background is muddled, and the litigants agree on little.  As this is a motion to dismiss, the Court will take the plaintiffs' factual allegations as true.  Where there are significant factual disagreements, though, the Court notes them for context.

The plaintiffs are members of the Southern Cherokee Nation of Kentucky, Inc. (the "Corporation"), a Kentucky non-profit corporation.  (D.N. 4, PageID # 98-99).  They are suing the officers, directors, and members of the "tribal council" of the Corporation.  (*Id*., PageID # 98)  The suit alleges that these defendants have mismanaged the Corporation; discriminated against the plaintiffs; violated the Corporation's governing documents; failed in their duties of fair dealing, due care, and good faith; breached fiduciary duties; and usurped the Corporation's opportunities.  (*Id*.)

1

The Corporation's origin is convoluted.[1]  Before, there was only the Southern Cherokee Nation of Kentucky (the "Nation"), which operated as an unincorporated entity until incorporating as the Corporation in 2012.  (D.N. 4, PageID # 101)  The Corporation drafted and adopted a constitution and organizational bylaws in July 2013.  (*Id.*)  But the Corporation does not yet have federal recognition as a tribal entity.  (*See* D.N. 4, PageID # 98)  It has, however, applied for tribal entity recognition with the Bureau of Indian Affairs' Office of Federal Acknowledgment.  (*See id.*)

The parties' dispute centers upon how the Corporation has been managed.  For example, the plaintiffs complain that just weeks after the Corporation's tribal council drafted governing documents in July 2013, the tribal council members secretly changed those documents and approved the amendments during a clandestine vote when only the defendants and their family members were present.  (*Id.*, PageID # 101)  The plaintiffs say the defendants did this to keep their control over the Corporation.  They further charge that the defendants ignored most new member applications—except for the applications of friends and family of the defendants—and left seats on the board of directors vacant to prevent dilution of their control over the Corporation's affairs.  (*Id.*, PageID # 102)  In addition, the Corporation allegedly failed in both 2012 and 2013 to file federal tax returns and to register as a 501(c)(3) charitable organization.  (*Id.*)  Despite the missed deadlines, the Corporation still solicited donations and promised donors that any donations would be tax deductible.  (*Id.*)  The plaintiffs contend that when these issues

---

[1] While the plaintiffs believe that the Corporation merely took the place of the Southern Cherokee Nation of Kentucky, the defendants contend that the Corporation and the Nation are still two distinct entities.  (*See* D.N. 11-1, PageID # 126)  The defendants assert that the Nation has existed since the 1830s and has operated under a governing constitution since 1866.  (*Id.*, PageID # 125-26).  They report that the Nation still exists as a separate entity from the Corporation and that the Corporation was created in 2012 to act as "an auxiliary entity to the Nation."  (*Id.*, PageID # 126-27)  The Court does not find the distinction significant for purposes of this Memorandum Opinion.

and a supposed conflict of interest[2] were complained of, the tribal council suspended the constitution in February 2015.  (*Id.*, PageID # 101, 107)  This suit began the same month.

One day after filing their complaint, the plaintiffs moved for a preliminary injunction. (D.N. 5)  The plaintiffs' requested injunctive relief would include ordering the defendants to file tax returns and other required legal documents, preventing them from taking any actions on behalf of the Corporation beyond those in the normal course of business, and precluding them from selling or transferring tribal assets.  (D.N. 5, PageID # 71)  In March 2015, the defendants moved to dismiss this case.  (D.N. 11)  The crux of their argument is that the plaintiffs joined neither the Nation nor the Corporation to this suit.  (*See* D.N. 11-1, PageID # 130)  The defendants believe joinder of the Corporation is necessary, but they contend that joining the Corporation would defeat diversity of citizenship.  (*See id.*)  Thus, they assert that the Court does not have subject matter jurisdiction to hear this case.

## II.    STANDARD

The plaintiffs must persuade the Court that subject matter jurisdiction exists in a given case.  *Ogle v. Church of God*, 153 F. App'x 371, 375 (6th Cir. 2005) (citations omitted).  If subject matter jurisdiction is lacking, the matter will be dismissed.  *See* Fed. R. Civ. P. 12(b)(1). The defendants can challenge subject matter jurisdiction either facially—by challenging the pleadings' sufficiency—or factually—by challenging the factual basis for subject matter jurisdiction.  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citations omitted).  For facial challenges, the Court will take "the allegations as true for purposes of Rule 12(b)(1) analysis."  *Id*.  With factual challenges, the Court has "broad discretion with respect to what

---

[2] One defendant, Russell Robison, is the Corporation's mortgage holder and so a corporate creditor of the Corporation.  He is also the "speaker" of the tribal council.  The plaintiffs believe that his financial position creates a conflict of interest regarding his board membership.  (D.N. 5-1, PageID # 76)

evidence to consider . . . including evidence outside the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the [C]ourt's authority to hear the case." *Id*. 759-60. Here, the defendants do take factual issue with the plaintiffs' claims. However, the Court interprets the focus of the defendants' attacks to be facial challenges. So the Court will treat the plaintiffs' allegations as true.

### III.    DISCUSSION

Although the parties raised numerous issues of fact and law in their briefs, the Court's resolution of this case rests only on one argument put forth in the motion to dismiss: A necessary party has not been joined, and joinder of that absent party would divest this Court of jurisdiction. For these reasons, the Court must dismiss the action.

A party is necessary to a lawsuit if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Under Rule 19(a)(1), the Corporation is a required party to be joined if feasible. Referencing 19(a)(1)(A), this Court cannot accord complete relief among the existing parties without the Corporation's joinder. Though the plaintiffs have moved to enjoin the defendants, any relief that excludes the Corporation could be fleeting. Injunctions against the defendants—all named in their official capacities—would prove toothless if the defendants resign their positions and their replacements continue the defendants' alleged failings. The only way to guarantee the plaintiffs get their requested relief would be to enjoin the entity itself. The

4

problem, though, is that joining the Corporation is not feasible because its joinder would divest this Court of subject matter jurisdiction.

### A.  Diversity Jurisdiction

The plaintiffs claimed in their complaint, (D.N. 4, PageID # 99),  that this Court has subject matter jurisdiction through diversity of citizenship.  *See* 28 U.S.C. § 1332.  Along with the requirement that cases meet the minimum amount in controversy value of $75,000, § 1332(a), there must be complete diversity of citizenship among the parties.  *Ljuljdjuraj v. State Farm Mut. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014).  That is, a case lacks diversity of citizenship if any plaintiff has shared citizenship with any defendant (e.g., if one plaintiff and one defendant were both citizens of Kentucky).  *See* 32A Am. Jur. 2d *Federal Courts* § 618 (2015). In this case, some of the plaintiffs are citizens of Kentucky (s*ee* D.N. 4, PageID # 99), and the Corporation is both incorporated in and has its principal place of business in Kentucky.  (*See, e.g.*, D.N. 11-1, PageID # 134)  Adding the Corporation to this suit would destroy diversity of citizenship.

In these situations, courts must decide based on "equity and good conscience" whether to proceed without the absent party or dismiss the case.  Fed. R. Civ. P. 19(b).  There are several factors to consider, including the extent to which a judgment entered without the absent party might prejudice the absentee or the existing parties; the extent to which the prejudice could be curtailed through methods like tailoring the relief; whether a judgment entered without the absentee would be effective; and whether the plaintiffs would have "an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b)(1)-(4).  These factors necessitate dismissal of this case.  As discussed above, any judgment will affect the Corporation directly. Proceeding without it could prejudice it regarding the future governance of its affairs.  Though

the Court might possibly be able to fashion relief without prejudicing the Corporation, any relief would likely be ineffectual if the Corporation itself is not joined.  And though the plaintiffs prefer to be in federal court, they have other options.  They dispute that adequate relief could be obtained through the Corporation's internal dispute-resolution processes, but they can also pursue state court resolution of these matters.  Fully considering the equities, the Court must, in good conscience, dismiss this case if diversity of citizenship is the only basis for subject matter jurisdiction.

### B.  Federal Question Jurisdiction

In briefing, the plaintiffs attempted to avoid dismissal by claiming that this case also presents federal questions.  This assertion references the second avenue for federal jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  But the plaintiffs have not presented a federal question.

It seems that the plaintiffs believe a federal question exists for three reasons.  First, they argue that because the Corporation has filed for federal acknowledgment, and because it claims status as a "U.S. Treaty Tribe," this case is "clearly" under this Court's jurisdiction.  (D.N. 28, PageID # 303)  Yet the plaintiffs submit no statute or legal precedent supporting this proposition, and the Court is not aware of a requirement to hear this case simply because the Corporation has filed for federal recognition.  The Court especially doubts this claim because it appears that none of the present disputes would affect the application with the Bureau of Indian Affairs.

Next, the plaintiffs make the dubious argument that because this case involves interstate commerce—that is, because the tribal council used the U.S. Postal Service and because money was exchanged across state lines via the internet application PayPal—it presents a federal

question.  (*Id*., PageID # 303-04)  Like the others, this claim is presented without adequate authority; the plaintiffs cite only an inapplicable criminal statute in support.  (*See* D.N. 16, PageID # 187 (citing 18 U.S.C. § 1341))  Last, the plaintiffs allege that one plaintiff, Daryl Lowery, was the victim of "religious discrimination" when he was removed from a tribal internet chat forum for making atheistic comments.  (D.N. 4, PageID # 111)  Again, the plaintiffs' claim is deficient.  To count as a federal question, it must either be facially apparent that the plaintiffs' cause of action was created by federal law or, if based on state law, then there must be a "substantial, disputed question of federal law [that] is a necessary element of the state cause of action."  *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted).  Neither requisite is met here.  It is not apparent from the face of the complaint that Lowery's exclusion implicates federal law, nor do the plaintiffs even cite the vehicle by which they seek to challenge the supposed religious discrimination.

## IV.     CONCLUSION

The Corporation is a necessary party to this suit.  But its joinder would divest this Court of subject matter jurisdiction.  And the plaintiffs have failed to show that this case presents a federal question.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Motion to Dismiss (D.N. 11) is **GRANTED**, and this case is **DISMISSED** without prejudice.

(2)     The Motion for Temporary Restraining Order and Preliminary Injunction (D.N. 5) is **DENIED** as moot.  The hearing set for September 21, 2015, is **CANCELLED** and **REMANDED** from the Court's docket.